14-1478
Ware v. Brennan

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of June, two thousand fifteen.

PRESENT:
ROBERT D. SACK,
PETER W. HALL,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

Polean K. Ware,

*Plaintiff-Appellant*,

v.                                                            14-1478

Megan J. Brennan, Postmaster General,

*Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:                    Polean K. Ware, *pro* se, Enfield, CT.

**FOR DEFENDANT-APPELLEE:**	Deirdre M. Daly, United States
Attorney, District of Connecticut, Anne
F. Thidemann, David C. Nelson,
Sandra S. Glover, Assistant United
States Attorneys, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Squatrito, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Polean K. Ware, proceeding *pro se*, appeals the district court's grant of summary judgment in favor of the Postmaster General with respect to Ware's claims of discrimination and retaliation under Title VII and the Age Discrimination in Employment Act.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* orders granting summary judgment and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law.   *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003).   We are required to resolve all ambiguities and draw all inferences in favor of the non-movant.   *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999).   Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."   *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

On careful review of the record and relevant case law, we conclude that the district court properly granted summary judgment to the Postmaster General. We affirm for substantially the same reasons set forth by the district court in its thorough memorandum and order. We have considered all of Ware's remaining arguments, and find them to be without merit. Accordingly, we **AFFIRM** the district court's grant of summary judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk